1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ROBERT WALTON,                         CASE NO. 1:07-cv-00246-OWW-SMS PC

10                 Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING DISMISSAL OF ACTION

11      v.                           FOR FAILURE TO EXHAUST AND FAILURE
                                            TO STATE A CLAIM (Doc. 1)

12 AYON, et al.,

13                 Defendants.     OBJECTIONS DUE WITHIN THIRTY DAYS

14 _____/

15 I.      Findings and Recommendations Following Screening of Complaint

16       A.     Screening Standard

17      Plaintiff Robert Walton ("plaintiff") is a state prisoner proceeding pro se and in forma

18 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

19 February 15, 2007.

20      The court is required to screen complaints brought by prisoners seeking relief against a

21 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28 ///

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2    exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3    506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4    plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5    "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6    grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
7    if it is clear that no relief could be granted under any set of facts that could be proved consistent with
8    the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
9    the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
10   the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
11   353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
12   Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
13   opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
14   2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
15   Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
16   complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
17   Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
18   266, 268 (9th Cir. 1982)).

19       B.    Plaintiff's Claims

20       Plaintiff is currently housed at Golden State McFarland Community Correctional Facility in
21   McFarland, California. The events at issue in this action allegedly occurred at North Kern State
22   Prison and California Substance Abuse Treatment Facility and State Prison. Plaintiff's claims arise
23   from the handling of his incoming and outgoing mail, and from his dealings with the inmate appeals
24   process. Plaintiff names Correctional Officers Ayon, May, James, Tobias, and Oetting, Sergeant
25   Cathy, Lieutenant Graham, Appeals Coordinators Taxdahl, Erwin, and Granni, and numerous John
26   Does as defendants.

27   ///

28   ///

1          1.     <u>Mail Claims</u>

2             a.     <u>Delay and Review of Outgoing Mail</u>

3       Plaintiff alleges that three pieces of outgoing legal mail concerning his criminal conviction

4 were not properly processed for two weeks. Plaintiff further alleges that they may not have been

5 mailed at all. Plaintiff also alleges that on August 3, 2004, he brought a piece of confidential mail

6 to defendant Ayon for processing and defendant read the mail against plaintiff's instructions not to.

7       Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

8 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

9 confined in any jail, prison, or other correctional facility until such administrative remedies as are

10 available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available

11 administrative remedies prior to filing suit. <u>Jones v. Bock</u>, 127 S.Ct. 910, 918-19 (2007); <u>McKinney</u>

12 <u>v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief

13 sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S.

14 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life,

15 <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

16       The California Department of Corrections has an administrative grievance system for

17 prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting

18 a CDC Form 602. <u>Id</u>. at § 3084.2(a). Four levels of appeal are involved, including the informal

19 level, first formal level, second formal level, and third formal level, also known as the "Director's

20 Level." <u>Id</u>. at § 3084.5. Appeals must be submitted within fifteen working days of the event being

21 appealed, and the process is initiated by submission of the appeal to the informal level, or in some

22 circumstances, the first formal level. <u>Id</u>. at §§ 3084.5, 3084.6(c). In order to satisfy section

23 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to

24 filing suit. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2383 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201.

25       "[Proper] exhaustion of administrative remedies is necessary," <u>Woodford</u>, 126 S.Ct. at 2382,

26 and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical

27 procedural rules . . . ," <u>id</u>. at 2386. In this instance, plaintiff's inmate appeal grieving the failure to

28 properly process his three pieces of legal mail, the reading of his confidential mail by defendant

3

1    Ayon, and the issuance of a CDC-128 chrono was screened out by defendant Taxhdahl, and plaintiff

2    was instructed that he may attach only one page to the appeal and must complete only sections A and

3    B. (Comp., court record pgs. 28 & 38.) Plaintiff attempted to resubmit his appeal following his

4    transfer to CSTAF and the appeal was returned to him with instructions to submit the appeal to

5    NKSP. (Id., pg. 40.) Plaintiff thereafter resubmitted the appeal to NKSP, and it was rejected by

6    defendant Ervin for failing to follow the written instructions provided by defendant Taxdahl, which

7    was deemed to be a lack of cooperation in violation of section 3084.4(d) of Title 15 of the California

8    Code of Regulations. (Id., pg. 46.) Plaintiff's disagreement with the written instructions, as set forth

9    in plaintiff's complaint, is irrelevant.  Plaintiff was directed to cure identified deficiencies in his

10   appeal and failed to do so, resulting in the rejection of the appeal was defendant Ervin.  Plaintiff's

11   failure to follow instructions, resulting in the rejection of his appeal, constitutes non-exhaustion, and

12   plaintiff may not proceed with his claims based on the failure to properly process his legal mail.

13                    b.      Attachment of Trust Account Withdrawal Slip

14           Plaintiff alleges that on July 29, 2004, defendant James refused to allow him to attach a trust

15   account withdrawal slip to his outgoing mail, and the mail was returned to him the next day with

16   instructions to attach a trust account withdrawal slip.  This incident does not rise to the level of a

17   constitutional violation.

18                    c.      Review of Plaintiff 's Mail

19           Plaintiff alleges that on August 7, 2007, he presented outgoing mail to defendant Oetting,

20   which she read against his wishes.  Plaintiff also alleges that on August 13, 2004, he received a letter

21   from the court which had been opened outside of his presence.  Neither of these events rises to the

22   level of a violation of plaintiff's constitutional rights.  Plaintiff does not have a federally protected

23   right to avoid having  his outgoing legal mail inspected.  See Wolff v. McDonnell, 418 U.S. 539,

24   576-77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).  Further, mail from the courts

25   in not considered legal mail, and plaintiff does not have a federally protected right to have such mail

26   opened in his presence.  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).  Therefore, these events

27   do not give rise to any claims for relief under section 1983.

28   ///

1                    2.      Inmate Appeals Process

2          Plaintiff alleges that the inmate appeals procedures violate the Constitution and cause him

3   direct harm.  "[A prison] grievance procedure is a procedural right only, it does not confer any

4   substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing

5   Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850,

6   860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific

7   grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance

8   procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

9   1988).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability

10  under a section 1983 action.  Buckley, 997 F.2d at 495.

11         Plaintiff may not pursue any claims for relief under section 1983 against defendants based

12  on his disagreement with their resolution of his appeal.  Further, plaintiff's allegation that a Doe

13  defendant opened his inmate appeal and returned it to him with instructions to submit it to NKSP

14  does not state a claim for relief under section 1983.

15                  3.      Supervisory Liability Claim Based on Failure to Train Staff

16         Plaintiff alleges that supervisory personnel failed to properly train staff on processing mail.

17  (Comp., pg. 12.)  Under section 1983, liability may not be imposed on supervisory personnel for the

18  actions of their employees under a theory of respondeat superior.  When the named defendant holds

19  a supervisorial position, the causal link between the defendant and the claimed constitutional

20  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

21  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state

22  a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts

23  indicating that the defendant either: personally participated in the alleged deprivation of

24  constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

25  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and

26  is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

27  1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

28  ///

1    Here, plaintiff's complaint does not state any cognizable claims for relief for violation of

2    plaintiff's constitutional rights.  Absent the existence of a violation of plaintiff's constitutional rights,

3    there is no basis upon which to impose supervisory liability against defendants.  Further, even if

4    plaintiff had alleged a cognizable violation of his constitutional rights, plaintiff's complaint is devoid

5    of any allegations supporting a claim that any supervisory defendants personally participated in the

6    alleged deprivation of a constitutional right; knew of the violation and failed to act to prevent it; or

7    promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

8    constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at

9    646.

10    4.    Merits of Motion for a New Criminal Trial

11    With his complaint, plaintiff includes a copy of his motion seeking a new trial in his criminal

12    case and in his complaint, argues the merits of his motion.  (Comp., pg. 18; Exhibit C, pg. 24 of Part

13    3.) This action is not the appropriate vehicle to raise challenges to plaintiff's criminal conviction.

14    Plaintiff must raise his challenge in a petition for writ of habeas corpus and is barred from raising

15    any such challenge in this action.  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).  Plaintiff's

16    argument concerning the merits of his motion should be disregarded.

17    C.    Conclusion

18    Plaintiff's claims stemming from the delay in mailing his legal mail and from the reading of

19    his legal mail by defendant Ayon are not exhausted and may not be pursued in this action.  The

20    remaining events set forth do not give rise to any claims for relief under section 1983, and the court

21    does not find them amenable to correction.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)

22    (internal citations omitted).  Accordingly, the court HEREBY RECOMMENDS that:

23    1.    Plaintiff's argument concerning the merits of his motion for a new trial be

24        disregarded;

25    2.    Plaintiff's claims arising from the delay and review of his outgoing mail be

26        dismissed, without prejudice, for failure to exhaust;

27    ///

28    ///

6

3.  Plaintiff's claim arising from defendant James' refusal to allow plaintiff to attach a trust account withdrawal slip to his mail be dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

4.  Plaintiff's claims arising from the review of his mail by defendant Oetting and the opening of his letter from the court be dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

5.  Plaintiff's claims arising from the inmate appeals process be dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

6.  Plaintiff's supervisory liability claim be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    June 19, 2007**                         _____/s/ Sandra M. Snyder_____
                                        UNITED STATES MAGISTRATE JUDGE